# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**LEROY SIMPSON**                                                                                            **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 4:09CV-P84-M**

**DAVID OSBORNE** *et al.*                                                                          **DEFENDANTS**

## MEMORANDUM OPINION

Leroy Simpson, a convicted inmate formerly incarcerated at the Daviess County Detention Center (DCDC), filed this action pursuant to 42 U.S.C. § 1983 against Jailer David Osborne and Captain Howard. Plaintiff sues Defendant Osborne in his official capacity, and he sues Defendant Howard in both his official and individual capacities.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Having conducted the required review of Plaintiff's complaint, the Court determines that it fails to state a claim upon relief may be granted. Accordingly, it will be dismissed.

### I. Summary of Plaintiff's Complaint

Plaintiff challenges five aspects of his confinement at DCDC in his complaint:

1.   Plaintiff states that he was transferred to DCDC on August 12, 2009, to "work the class D program as a level 1 custody." He states that after arrival at DCDC, Defendant Howard denied him the right to "exercise" his custody level and placed him on lock-down. He states that "I believe that Captain Howard is going against DOC program by denying me."

2. Plaintiff complains that there are no fire sprinkler systems inside the cells at DCDC and that there are no fire extinguishers in close proximity to the cells. He also reports that DCDC never practices fire or tornado drills with the inmates. He states that "I don't feel safe if a fire was to break out."

3. Plaintiff complains that there is no legal library at DCDC preventing him from researching any of his cases. He states that "I don't know the amendments or KRS codes because like I said this place don't have a legal law library."

4. Plaintiff alleges that the shower area at DCDC has "black mold growing on the walls and around the fresh air vent." He says that it is "very hazardous to my health due to the fact I have to breathe the air and come into contact with the wall while a taking shower."

5. Finally, Plaintiff states that Defendant Howard denied his request to be transferred back to a medium security facility in violation of Plaintiff's custody level. He states that Defendant Howard "is stopping me from exercising my community right by hold me here. I'm being denied a change to get any program DOC has for a state inmate by being here. This facility don't have a trade school for inmates something I need."

As relief, Plaintiff seeks $50,000.00 in compensatory damages, to be transferred, and $50,000 in punitive damages. It appears that since filing his initial complaint, Plaintiff has been transferred to the Hardin County Detention Center. *See* https://www.vinelink.com.

## II. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491

3

U.S. 58, 66, (1989). "To state a valid § 1983 claim, Plaintiff must establish that: (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

**Claims 1 and 5**

In his first and fifth claims, Plaintiff alleges that Defendant Howard refused to recognize the custody level that Plaintiff believed was appropriate for him and denied him the right to transfer back to a state facility. A prisoner, however, does not have a constitutional right to be housed in any particular facility, assigned to a certain classification, or allowed to participate in specific prison programs. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *Williamson v. Campbell*, 44 F. App'x 693 (6th Cir. 2002) (holding that a prisoner has no constitutional right to be confined in a particular institution or to enjoy a certain classification). As such, the Court will dismiss Plaintiff's first and fifth claims for failure to state a claim.

**Claims 2 and 4**

In his second and fourth claims, Plaintiff expresses concern about his safety because of the location of the sprinkler system, failure by jail officials to conduct safety drills, and mold in the showers. Plaintiff speculated in his complaint that these conditions could cause him injury. However, "a speculative injury does not vest a plaintiff with standing." *King v. Deskin*, No. 99-6381s, 2000 U.S. App. LEXIS 19509 (6th Cir. Aug. 8, 2000). Furthermore, since filing his complaint, Plaintiff has been transferred to another facility. Thus, the threat of future injury has ended. The Court will dismiss Plaintiff's second and fourth claims for failure to state a claim.

**Claim 3**

In his third claim, Plaintiff complains that the DCDC does not have a law library. "In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, while Plaintiff is understandably frustrated with the difficulties he encountered with the legal library, he has not alleged that these difficulties actually prevented him from meaningfully accessing the courts. As such, he does not have standing to bring such a claim, and the Court must dismiss it.

## IV. Conclusion

For the reasons set forth above, the Court will enter an Order dismissing Plaintiff's complaint.

Date:



cc: Plaintiff, *pro se*
 Defendants
 Daviess County Attorney
4414.008